[No. 19026.   Department One. — February 17, 1893.]

THOMAS F. JOYCE, APPELLANT, v. A. C. SHAFER, ET AL., RESPONDENTS.

VENDOR AND PURCHASER — ACTION TO RECOVER PURCHASE-MONEY PAID — DEFAULT OF PURCHASER — CONVEYANCE BY VENDOR TO THIRD PARTY. — A purchaser under an executory contract for the sale and purchase of land is not entitled, after his default in the payment of installments of the purchase price due, to recover back the money paid thereon, merely because his vendors have conveyed the land to a third party.

ID. — OFFER OF PURCHASER TO PERFORM — INABILITY OF VENDOR TO GIVE TITLE. — It is incumbent upon the purchaser to offer to perform on his part, or to show that at the time performance was due on the part of the vendors they could not furnish a good title to the land.

ID. — BREACH OF CONTRACT — RESCISSION BY PURCHASER. — The conveyance of the land contracted for by the vendors to a third party before the time for performance of the contract of sale is not a breach of that contract, and does not entitle the purchaser to treat the contract as abandoned or rescinded before the time for performance arrives. One may contract to sell land which he does not own, and yet be able, when the time of performance arrives, to make a good title.

ID. — ACTION FOR MONEY PAID — EFFECT OF ASSIGNMENT OF CONTRACT OF SALE. — An action to recover back purchase-money paid under an executory contract for the sale of land is based upon the theory that the contract has ceased to exist, and that the money paid may be recovered for the use of the person who paid it, and does not arise under the contract of sale; and it seems that an assignment by the purchaser of the contract of sale does not carry with it the right to maintain an action to recover back money paid thereon by the assignor on the ground of an abandonment or rescission of the contract.

APPEAL for a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.

The facts are stated in the opinion.

*W. I. Foley,* for Appellant.

The conveyance by the vendors operated as a rescission of the contract, and entitles the plaintiff to recover the installments paid, without a tender of the balance due. (Civ. Code, sec. 1691, subd. 2; *Drew* v. *Pedlar,* 87 Cal. 443; 22 Am. St. Rep. 257; *Dennis* v. *Strassburger,* 89 Cal. 588; *White* v. *Buell,* 90 Cal. 178; *Merrill* v. *Merrill,* 95 Cal. 334; *Phelps* v. *Brown,* 95 Cal. 572; *Bradford* v. *Parkhurst,* 96 Cal. 102; *Easton* v. *Montgomery,* 90 Cal. 316.)

*M. W. Conkling,* for Respondents.

The vendee cannot complain of the condition of the title, as he never, by a tender of performance on his part, placed himself in condition to demand fulfillment of the contract. (Warvelle on Vendors, 843.) The covenant as to the payment of the first installment, as to which there was a default, was not a mutual and dependent covenant, but was independent, and the vendors were bound to do nothing, and were not in default, though the vendee was. (*Hill* v. *Grigsby,* 35 Cal. 656; *Rourke* v. *McLaughlin,* 38 Cal. 200; Civ. Code, sec. 1439.) The vendee being in default, he is entitled to no equitable relief. (*Bennett* v. *Hyde,* 92 Cal. 134.) The second sale by the vendors did not put it out of their power to perform the contract, as the sale merely operated as an assignment by the vendors of their interest in the property, and they might have compelled their vendee to perform the contract with the original purchaser. (*Hilton* v. *Young,* 73 Cal. 196.)

TEMPLE, C. — This appeal is from a judgment upon demurrer to the complaint. It is an action to recover the first installment paid upon an executory contract for the sale of land. The demurrer is general, that the complaint does not state a cause of action.

From the complaint it appears that on the 26th of July, 1887, Miss S. A. Popplewell entered into an agreement with defendants in writing, whereby she agreed to

pay them $1,250 in three installments,—one at the execution of the agreement, one in one year, and the third two years from date,—in consideration of which they sold and agreed to convey to her certain lands. The contract contained the usual covenants, making time of the essence of the contract; and providing for a forfeiture of installments paid, as liquidated damages, in case of failure to make any of the payments as stipulated. The first installment was paid, but no more.

December 18, 1889, about five months after the last payment fell due, defendants, without having tendered a deed to Miss Popplewell, or demanded payment from her, without her consent conveyed the land for a valuable consideration to one J. H. Bryant.

July 23, 1891, Miss Popplewell duly assigned said contract, and all rights, legal and equitable, under said agreement, to plaintiff.

Neither plaintiff nor his assignor have ever tendered to defendants the amount due on their contract, or offered to perform their agreement, but it is contended that the defendants, by conveying the land which was the subject of the contract, have put it out of their power to comply with their agreement, and that therefore an offer of performance on the part of the purchaser would be unavailing, and plaintiff is therefore at liberty to consider the contract as abandoned, and sue to recover the money paid. Therefore, having made due demand, he brings this action.

Plaintiff bases his claim upon the rule laid down in *Cleary* v. *Folger*, 84 Cal. 316; 18 Am. St. Rep. 187; *Drew* v. *Pedlar*, 87 Cal. 443; 22 Am. St. Rep. 257; and *Phelps* v. *Brown*, 95 Cal. 572. So far as applicable to the facts of this case, the rule laid down in those authorities is, simply, that when the parties to a contract have abandoned it, or it has been rescinded by mutual consent, either party may recover money paid under it. But it was not intended in those cases to hold that a purchaser may, upon his own default, recover money paid by him,

when the vendor has not refused to complete the sale, and the vendee still declines to do so.

The conveyance by the vendors was not a breach of the contract. One may sell land which he does not own, and yet be able, when the time of performance arrives, to furnish a good title. In the mean time the purchaser would not be at liberty to disaffirm the contract on the ground that *then* the vendor was unable to make a good title. It would be incumbent upon him to offer to perform, or to show that at the time of performance the vendor could not furnish the title.

It may be added that it is at least doubtful whether the assignment of the contract of sale would carry with it the right to maintain this suit, even if it were conceded that plaintiff's assignor could have maintained a suit for money she had paid. The action is based upon the theory that by abandonment or rescission the contract of sale became non-existent, and therefore moneys which have been paid before its cancellation may be recovered as money paid for the use of the person who paid it. This action is not, therefore, an action arising under the contract of sale.

The judgment and order should be affirmed.

BELCHER, C., and VANCLIEF, C., concurred.

For the reasons given in the forgoing opinion, the judgment and order are affirmed.

PATERSON, J., HARRISON, J., GAROUTTE, J.