[L. A. No. 2099. Department Two.—January 5, 1909.]

GOTFRED HANSON, Respondent, v. E. R. FOX, Appellant.

VENDOR AND VENDEE—PURCHASE PRICE PAYABLE IN INSTALLMENTS—PREMATURE TENDER—RESCISSION.—A vendee under an executory contract of sale of land, by the terms of which the balance of the purchase price was to be paid in monthly installments, bearing interest after they became due, and extending over a period of thirty-five months, cannot, by tendering the whole of the purchase price before it became due, place the vendor in default and claim a rescission of the contract on account of his non-acceptance of the tender.

ID.—WANT OF TITLE IN VENDOR.—The fact that the vendor was not the owner of the land either at the time of the contract or at the time of such premature tender did not entitle the vendee to a rescission of the contract.

ID.—VENDOR MAY CONTRACT TO SELL LAND NOT OWNED BY HIM.—It is perfectly valid for a vendor to contract to convey title to land which he does not own, and he is in default under such contract only when the vendee has performed his part of the contract and made demand for a title which the vendor is unable to furnish.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. Charles Monroe, Judge.

The facts are stated in the opinion of the court.

L. M. Fall, for Appellant.

Conkling & Bretherton, for Respondent.

HENSHAW, J.—Defendant entered into separate contracts for the sale of two lots of land. The contracts were similar in terms. One was made with plaintiff, the other with plaintiff's

assignor. In each case a part of the purchase price was paid
at the execution of the contract, and the remainder of the pur-
chase price was to be paid at the rate of ten dollars per month.
The unpaid part of the purchase price was evidenced by thirty-
five promissory notes, each for ten dollars, bearing interest at
seven per cent after the dates when respectively they became
due. Plaintiff made a tender of the total sum due under
these contracts, and upon defendant's refusal to accept the
tender he brought this action, treating the refusal as a breach
and asking for a rescission. In addition to the matters above
set forth, he charged that defendant does not and never has
owned the lots which he contracted to sell, and has no title to
them other than that evidenced by a tax title, which he charges
to be void. The findings of the trial court adopted plaintiff's
view and gave judgment accordingly, from which judgment
and from the order denying his motion for a new trial, defend-
ant appeals.

It is shown by the contracts that plaintiff was not entitled
to demand his deed until final payment. In other words,
defendant had contracted to convey title to plaintiff thirty-five
months after the execution of the contract. The plaintiff's
offer of a lump sum, under conditions at variance with the
terms of the contract, was not a legal tender under the con-
tract and could not operate to place defendant in default. In
strictness, plaintiff had no more right to offer the total sum
and claim rescission because of defendant's refusal to accept it,
than defendant would have had to have demanded the lump
sum and claim a rescission because of plaintiff's refusal to
pay it. The rights of each are prescribed by the contract, and
neither party can be put in default by insisting upon a com-
pliance with the terms of the contract, or by refusing to accede
to a demand not contemplated by those terms.

Nor does the fact which the court found,—namely, that
defendant had no title to the lots, afford any reason for the
interposition of equity. In a case such as this it is permis-
sible for one to contract to convey title to land which he does
not own, and he is in default under such contract only when
the vendee has performed his part of the contract and made
demand for a title which the vendor is unable to furnish.
Such is, and always has been, the settled rule in this state.
Thus, in *Joyce* v. *Shaffer*, 97 Cal. 335, [32 Pac. 320], the

vendors, under contract of sale had actually conveyed the land to a third person, and rescission was sought. This court said: "The conveyance by the vendors was not a breach of the contract. One may sell land which he does not own, and yet be able, when the time of performance arrives to furnish a good title. In the meantime the purchaser would not be at liberty to disaffirm the contract on the ground that then the vendor was unable to make a good title. It would be incumbent on him to offer to perform, or to show that at the time of performance the vendor could not furnish the title."

So in *Shively* v. *Semi-Tropic Land & Water Co.,* 99 Cal. 259, [33 Pac. 848], this court, declaring that a transfer of land to third parties during the existence of an executory contract of sale does not constitute abandonment or rescission of the executory contract, said: "Defendant as yet has not defaulted, and might not suffer default when the balance of the purchase price was tendered and a deed demanded, and the plaintiff is not entitled to recover the money paid until he shows the default of the defendant." The same principle is announced and rule laid down in *Garberino* v. *Roberts,* 109 Cal. 126, [41 Pac. 857], and it is further said: "In order to put the defendant (vendor) in the wrong, it is incumbent upon him (the vendee) to await the time of performance provided in the contract, and thereupon make his tender of performance and demand his deed." So here, whatever may have been the condition of defendant's title, under the contract he had thirty-five months in which to perfect it, and could not be placed in default until at the expiration of thirty-five months, payments having been duly made by the vendee and demand by the vendee made for the deed, defendant was able to comply with such demand. The effort to place defendant in default by a tender made in advance of the time, and under circumstances not contemplated by the contract, and to claim the right of rescission because then the vendor could not convey merchantable title, was unavailing and nugatory.

The judgment and order appealed from are reversed and the cause remanded.

Lorigan, J., and Melvin, J., concurred.