[S. F. No. 6095.   Department One.—February 13, 1913.]

## ARTHUR CRANE, Appellant, v. FERRIER BROCK DEVELOPMENT COMPANY (a Corporation), Respondent.

VENDOR AND VENDEE—FALSE REPRESENTATIONS AS TO GOOD TITLE— WANT OF ANY TITLE BY VENDOR—RESCISSION BY VENDEE.—Where a vendor of land fraudulently induces the vendee to enter into the contract of purchase by representing that he has a good title to the land, when in fact he has none, nor any interest whatever therein, the vendee, upon discovering the falsity of the representation, may sue to rescind the contract and obtain a return of the money paid thereon.

ID.—PLEADING—RESTORATION BY VENDEE.—It is not essential to the statement of a cause of action for such a rescission for the complaint to aver a restoration to the vendor, where it fails to show that the vendee received anything whatever in performance of the contract.

ID.—POSSESSION BY VENDEE NOT PRESUMED—RIGHT TO POSSESSION.— There is no presumption of law that the vendee in an executory agreement for the purchase of land has been put into possession. In the absence of anything in the contract from which it can be inferred or implied that he is to have possession, he has no right thereto.

ID.—ABSENCE OF AVERMENT OF RESTORATION OF POSSESSION—MATTER OF DEFENSE.—The complaint in such action need not aver an offer by the vendee to restore possession, where there is nothing in the contract or in the allegations of the complaint to indicate that he ever had possession, or that the contract gave him the right thereto. If the vendor relies on the failure to make an offer to restore possession as a defense, it is incumbent upon him to allege and prove that the vendee was in possession at the time he demanded the return of the purchase money or at the time the action was begun.

ID.—PERFORMANCE BY VENDEE NEED NOT BE AVERRED.—The rule obtaining in cases where a contract for the sale of land was made in good faith, which requires the vendee, suing to recover the part of the purchase price paid upon discovering that the vendor had subsequently parted with the title, to offer to perform by paying or offering to pay the balance due upon the price, has no application to a suit for the rescission of the contract upon the ground that the vendor, having no title to the land, falsely represented to the vendee that he had the title thereto and thereupon and thereby induced the vendee to purchase.

ID.—CORPORATE STOCK TAKEN AS EQUIVALENT OF CASH—UNCERTAINTY OF COMPLAINT—RIGHT TO RECOVERY IN MONEY.—The complaint in the action for rescission, which avers that a part of the purchase price was paid in shares of stock in a corporation which were accepted by the vendor as the equivalent of a specified amount of cash, is not rendered uncertain by the failure to aver the name of the corporation. The fact that such shares were taken as cash, entitled the vendee to a return of the amount of money for which they were received.

APPEAL from a judgment of the Superior Court of Alameda County. William H. Waste, Judge.

The facts are stated in the opinion of the court.

Arthur Crane, *in pro. per.*, for Appellant.

James M. Koford, for Respondent.

SHAW, J.—The court below sustained a demurrer to plaintiff's fourth amended complaint and thereupon gave judgment for the defendant, from which plaintiff appeals.

The complaint contains many unnecessary allegations and these seem to have produced some confusion in the arguments. The following is a statement of the material facts alleged.   On May 23, 1910, the defendant, a corporation, represented to plaintiff that it was seised in fee of a certain lot in a subdivision of land in Alameda County, known as "Cragmont," and thereupon offered to sell the same to plaintiff for the price of one thousand five hundred dollars of which five hundred dollars was to be paid in cash and the balance in monthly installments of fifteen dollars each; that in fact the defendant had no interest whatever in the lot; that the defendant, knowing that said representation was not true, made it to induce the plaintiff to enter into a contract to buy the lot from the defendant, on the terms above stated, and to make the cash payment thereon; that plaintiff believed said representation to be true, and, because of that belief, on the day above named, executed the contract referred to and paid to the defendant five hundred dollars on the price thereof; that he would not have done so but for the belief aforesaid; that on July 15, 1910, plaintiff paid a monthly installment of fifteen dollars on the price; that thereafter he discovered that said repre-

sentation was false and demanded the return of the money paid, which was refused. The contract, as alleged, provided that upon payment of the last monthly installment, which would become due on December 23, 1915, the defendant should execute to plaintiff a grant deed for said lot. It was further stated that four hundred and eighty dollars of the five hundred dollars cash payment aforesaid, was paid by delivering to defendant one thousand six hundred and fifty shares in a corporation of the par value of one dollar each, which the defendant accepted as cash. The prayer of the complaint was for a judgment that the contract be rescinded, that the defendant return to plaintiff the said five hundred and fifteen dollars so paid upon the price, or the personal property delivered as aforesaid to the defendant, and for general relief.

Where the vendor fraudulently induces the vendee to enter into the contract of purchase by representing that he has a good title to the land, when in fact he has none, nor any interest whatever in the land, the vendee, upon discovering the falsity of the representation, may sue to rescind the contract and obtain a return of the money paid thereon. There are numerous cases establishing this proposition: *Alvarez* v. *Brannan,* 7 Cal. 504, [68 Am. Dec. 274]; *Wright* v. *Carillo,* 22 Cal. 604; *Easton* v. *Montgomery,* 90 Cal. 316, [25 Am. St. Rep. 123, 27 Pac. 280]; *Morris* v. *Courtney,* 120 Cal. 65, [52 Pac. 129]; *Muller* v. *Palmer,* 144 Cal. 312, [77 Pac. 954]; 39 Cyc. 1264, 1417. The facts above stated bring the case within this rule. The complaint states a good cause of action to rescind the contract on the ground that it was procured by fraud and for the return of the purchase money paid thereon. It does not appear that the plaintiff had received anything whatever in performance of the contract and, consequently, there was nothing for him to restore to the defendant.

The objection was made that the complaint does not aver an offer by the plaintiff to restore possession. There is no presumption of law that the vendee in an executory agreement for the purchase of land has been put into possession. In the absence of anything in the contract from which it can be inferred or implied that he is to have possession, he has no right thereto. (*Gaven* v. *Hagen,* 15 Cal. 211; *Stratton* v. *California Land Co.,* 86 Cal. 364, [24 Pac. 1065]; *Gates* v. *McLean,* 70 Cal. 49, [11 Pac. 489]; 39 Cyc. 1620. There is

nothing in the contract or in the allegations of the complaint to indicate that the plaintiff ever had possession, or that the contract gave him the right thereto, or that he had taken possession, or that he now has possession. If the defendant desires to rely on the failure to make an offer to restore possession, it is incumbent upon it, therefore, to allege and prove by way of defense that the plaintiff was in possession at the time he demanded the return of the purchase money or at the time the action was begun.

The defendant relies on *Joyce* v. *Shafer*, 97 Cal. 335, [32 Pac. 320], and other cases of similar effect. These are cases where the contract was made in good faith and the vendee, upon discovering that the vendor had subsequently parted with the title, brought an action to recover the part of the purchase money which had been paid, without having himself offered to perform the contract by paying or offering to pay the balance due upon the price. They rest upon the principle that one who is himself in default cannot rescind the contract unless he has first offered to perform himself, and has unsuccessfully demanded performance by the vendor, thereby putting the vendor in default. In the case we have cited, in arguing this question, the court said: "One may sell land which he does not own, but yet be able, when the time for performance arrives, to furnish a good title. In the mean time the purchaser would not be at liberty to disaffirm the contract on the ground that *then* the vendor was unable to make a good title. It would be incumbent upon him to offer to perform, or to show that at the time of performance the vendor could not furnish the title." This is a true statement of the law as applicable to a suit to rescind the contract, or to recover the money paid thereon after a rescission upon the ground that the vendor has himself broken the contract. It has no application to a suit for the rescission of a contract upon the ground that the vendor, having no title to the land, falsely represented to the vendee that he had the title thereto and thereupon and thereby induced the vendee to purchase.

The demurrer contains many specifications wherein it is claimed that the complaint was uncertain. Among other things it specifies that it is uncertain because it does not give the name of the corporation, the shares of which were taken by the defendant as cash upon the payment of the first install-

ment.  Inasmuch as the shares were accepted as the equivalent of money, we do not think that it was necessary to mention them at all in the complaint, or to describe them more particularly. The uncertainty was not upon a material point. The fact that the shares were taken as cash was also sufficient to give the plaintiff the right to demand the return of five hundred dollars in money. The other specifications of uncertainty relate to immaterial allegations in the complaint and it is not necessary to discuss them.

The demurrer to the complaint should have been overruled. The judgment is reversed.

Angellotti, J., and Sloss, J., concurred.