[L. A. No. 3347. In Bank.—March 27, 1914.]

## H. W. BRIMMER, Appellant, v. F. M. SALISBURY et al., Respondents.

VENDOR AND VENDEE—CONTRACT TO SELL LAND TO WHICH VENDOR HAS NO TITLE—FRAUD UPON VENDEE.—A contract to sell a piece of land by one without title will not be held fraudulent and void by virtue of the mere fact that the vendor has not such title. Deceit, concealment, or false representations upon which a vendee is entitled to rely will avoid such a contract; but where the dealings between the parties are openhanded, and where, as is the general rule, the

vendee is charged with the duty of acquiring his own knowledge of the condition of the vendor's title, such contracts will be enforced upon the theory that the vendee has contracted with his eyes open and contracted not in the belief that the vendor *did have title,* but in the expectation that he would be able to make title.

ID.—SALE BY VENDOR TO THIRD PERSON—BREACH OF CONTRACT WITH VENDEE.—A vendor does not breach his contract of sale if he conveys the property subject to or under circumstances such as to protect the rights of his vendee; but where his conveyance has been in disregard of those rights, under such circumstances that those rights are not protected, this is a breach of contract and a fraud on the vendee. Where a vendee contracts with one having none or an imperfect title, he contracts in the hope or expectation that the vendor may be able to perfect the title. Such is not the case where the vendor has title and thereafter parts with it. Of the essence of the contract is the security to the vendee, in his payments, of the title which the vendor has; and if the vendor parts with that title to the impairment or destruction of that security, the vendee may be heard justly to complain, and it is no answer to say that the *vendor thereafter may be able to go into the open market and* repurchase the property.

ID.—ACTION BY VENDEE FOR BREACH OF CONTRACT—SUFFICIENCY OF COMPLAINT.—In an action for breach of an executory contract to sell land, based upon a conveyance by the vendor to a third person during the existence of the contract, the averment merely that the vendor has sold does not state a complete cause of action.

ID.—NOTE GIVEN BY VENDEE—FRAUD AND FAILURE OF CONSIDERATION WHERE VENDOR CONVEYS TO THIRD PERSON.—A promissory note, executed by a vendee upon the threat of the vendor to sue for specific performance of an executory contract between them for the sale of land, cannot be said to have been procured by fraud or to be without consideration merely because the vendor had previously sold the property to a third person and concealed the sale from the vendee, in the absence of any showing that the property was not sold subject to the vendee's rights under the contract.

APPEAL from a judgment of the Superior Court of Imperial County. Franklin J. Cole, Judge.

The facts are stated in the opinion of the court.

Samuel H. Pardue, for Appellant.

Conkling & Brown, for Respondents.

HENSHAW, J.—This appeal is from the judgment upon the judgment-roll alone. Plaintiff brought his action to enforce the collection of a promissory note in the sum of five hundred dollars executed by defendants. Defendants answered, alleging lack of consideration and fraud in the procurement of the instrument. The facts in this regard alleged and found by the court are the following: In 1908 defendants entered into an agreement with the plaintiff to purchase a piece of land owned by plaintiff in Imperial County for the sum of six thousand two hundred and fifty dollars, two thousand five hundred dollars of which amount were payable May 1, 1909, the remainder at a later date in the same year. On the twenty-seventh day of April, 1909, "the plaintiff rescinded the said contract *in toto* and sold the said property to one A. A. Cox, without the knowledge or consent of the defendants or either of them." Thereafter, on the twenty-ninth day of April, 1909, plaintiff came to defendants, who were unable to make the forthcoming payment of two thousand five hundred dollars upon May 1st, and, concealing from them the fact that he had sold the property, threatened them that he would commence an action against them for specific enforcement of their contract to purchase if they did not make the payment when due. The defendants did not know and had no means of knowing that plaintiff had theretofore sold the property to Cox, and being unable to meet the payment of two thousand five hundred dollars due on the first of May, and believing that their contract to this effect was in full force and effect and that plaintiff had a right to insist upon its due performance and would bring action against them to enforce such due performance, without any other consideration and so without any consideration at all, they executed to plaintiff in settlement of the controversy and for relinquishment of plaintiff's demands, the note for five hundred dollars which is the subject of this litigation. Under these findings the court concluded that plaintiff was not entitled to recover and gave judgment for defendants accordingly. Plaintiff has appealed, asserting that under the authorities and rule of decision in this state he was neither in default nor had he violated his contract by the conveyance of the property to Cox; that he was under no duty to advise defendants of this conveyance, and that therefore his failure to do so was not a

concealment amounting to fraud; that the single condition imposed upon him by his contract was to make a good and sufficient deed to the defendants when the last payment was due and tendered; that this duty did not run concurrently and interdependently with defendants' obligation to pay the installment of two thousand five hundred dollars; that consequently defendants were in default and he, plaintiff, was not (*Hill* v. *Grigsby,* 35 Cal. 656; Civ. Code, sec. 1439); that notwithstanding the conveyance of the property he had a legal right of action to enforce the installment payment of two thousand five hundred dollars, and that his forbearance so to do and his agreement with defendants to abandon the contract was a good and legal consideration for their promissory note.

Thus are presented the contentions upon this appeal, and for their proper consideration a review of our decisions becomes imperative. The first of these which may be mentioned is *Easton* v. *Montgomery,* 90 Cal. 307, [25 Am. St. Rep. 123, 27 Pac. 280]. This case arising in a controversy over an executory contract for the sale of land where it was asserted that the vendor's title was radically defective, this court declared that it was not necessary that the vendor should be the absolute owner of the property at the time he enters into the agreement of sale. "An equitable estate in land, or a right to become the owner of the land, is as much the subject of sale as is the land itself. . . . If the agreement is made by him in good faith, and he has at the time such an interest in the land, or is so situated with reference thereto, that he can carry into effect the agreement on his part at the time when he has agreed so to do, it will be upheld. We cannot lose sight of the proposition that in this country, where values of land fluctuate rapidly, and where transfers are so frequent, it is very common for the purchaser of land to make a transfer before he has acquired the title. It would work great injustice to hold that no one could make a valid contract for the sale of land until he has himself become clothed with the absolute title." The opinion proceeds to say that it has been held that where the vendor enters into such a contract without any title or equity, and is a mere speculator, courts will refuse to enforce the contract at his instance and will rescind the agreement at the instance of the vendee, upon the ground that

the contract was not made in good faith. But it points out that this rule has been questioned where no element of bad faith enters, and has in some courts been distinctly repudiated, as in *Dresel* v. *Jordan,* 104 Mass. 470. Continues the opinion: "It is held, also, that the vendee may maintain an action to rescind the agreement upon the ground that the vendor, at the time of entering into the agreement, knew that he could not make the conveyance, or fraudulently represented himself as the owner of the premises (*Innes* v. *Willis,* 48 N. Y. Sup. Ct. 192) ; *and that, if subsequent to entering into the agreement, the vendor voluntarily puts it out of his power to complete the contract,—as if he should sell the land to another pending the existence of the agreement—the vendee may treat the contract as rescinded, and bring his action for the deposit.* (*Burwell* v. *Jackson,* 9 N. Y. 535.) In either of these cases the ground for the rescission is the fraud of the vendor, either at the time of entering into the contract or by his subsequent acts." A portion of this quotation has here been italicized for the important bearing which it has upon the consideration of our cases. The next of these is *Joyce* v. *Shafer,* 97 Cal. 335, [32 Pac. 320]. That case was this: Miss Popplewell had entered into a written agreement with defendants for the purchase of certain land. The purchase price was one thousand two hundred and fifty dollars, which she was to pay in three equal installments, the first at the time of the making of the contract, the second one year thereafter, the third two years thereafter. She paid the first installment and no more. About five months after the last payment fell due defendants, without offering Miss Popplewell a deed and demanding payment from her, conveyed the land for a valuable consideration to one Bryant. A year and a half thereafter Miss Popplewell assigned her contract to plaintiff. Plaintiff then made no tender of the amount due on the contract, but commenced his action, contending that defendants by conveying the land had put it out of their power to comply with their agreement, and that consequently an offer of performance on the part of the plaintiff would be unavailing; that plaintiff was therefore at liberty to construe the contract as abandoned and to recover the first payment so made years before. A general demurrer to this complaint was sustained and the appeal came before this court

from the judgment which followed. There was necessarily, therefore, involved in the decision nothing more than the question of the sufficiency of the complaint—the question whether or not it stated a cause of action. It is declared that it was never intended in any of our cases to hold that a purchaser may upon his own default recover money paid by him when the vendor has not refused to complete the sale and the vendee still declines to do so, and, proceeds the opinion: "The conveyance by the vendor was not a breach of the contract. One may sell land which he does not own, and yet be able, when the time of performance arrives, to furnish a good title. In the mean time the purchaser would not be at liberty to disaffirm the contract on the ground that *then* the vendor was unable to make a good title. It would be incumbent upon him to offer to perform, or to show that at the time of performance the vendor could not furnish the title." Here it is immediately to be noted that a vendor under an executory contract of sale who has title may part with it under two essentially different conditions. He may part with it to a third person, who, if he be not charged with knowledge of the previous executory contract, takes it freed from the obligations of that contract. Such would be the case were the executory contract of sale unrecorded. He may, however, part with his title, subject to the rights of the vendees under the executory contract of sale, and thus not put it beyond his reasonable power to make title to his vendees under the executory contract of sale when in due time title may be demanded of him. In the one case the conduct of the vendor may with propriety be termed a fraud upon the vendee, since he has parted with the title, and consequently with the security upon which his vendee was entitled to rely in the making of his installment payments, and after having done so he insists that these installment payments should be continued without any legal assurance to him that at the time when he is entitled to demand a deed, the vendor will be in a position to convey title. *Joyce* v. *Shafer,* therefore, must be read in connection with *Easton* v. *Montgomery,* and bearing in mind that *Joyce* v. *Shafer* was before the court upon demurrer the decision amounts to this, that a pleading merely that during the life of such an executory contract of sale the vendor has parted with the title, is not sufficient to put the vendor in

default or to show an abandonment by him of the contract. It must be further pleaded that the vendor did this without reserving and protecting his vendee's rights under the executory contract—allegations which did not appear in Joyce's complaint. The next case is *Shively* v. *Semi-Tropic Land & Water Co.,* 99 Cal. 259, [33 Pac. 848]. The vendee under an executory contract of sale had failed to pay the installments, including the final payment. Thereafter the vendor notified him to make the payments. He did not do so, and the vendor then sold the land to a third person. Shively sued to recover the money which he had paid, under the theory and allegation that the contract had been mutually rescinded. The opinion holds that the mere conveyance by the defendant did not amount to such rescission, but that the answer of defendant itself admits and declares such a rescission, and therefore Shively was entitled to his recovery. *Garberino* v. *Roberts,* 109 Cal. 125, [41 Pac. 857], also came before this court upon the judgment after the sustaining of a general demurrer to the complaint. This also was the case of annual payments to be made under an executory contract for the sale of land, and a conveyance by the vendor during the life of it. The action was brought to recover the first installment paid and for damages. This court held that the mere allegation of a conveyance to a third party of the premises contracted to be sold, pending the contract and before the time of its completed performance, did not of itself allege a breach authorizing the purchaser to rescind. The complaint containing only this allegation of a conveyance and failing to allege a repudiation of the contract or a refusal to carry it out or a parting with title under such conditions that it could not be carried out, did not show a violation of the contract and an allegation that the act of the defendant in conveying the land "put it absolutely without his power to perform the contract" was a mere legal conclusion improperly drawn from the fact of the conveyance itself. Herein the court said (quoting with approval from *Shively* v. *Semi-Tropic Land & Water Co.,* 99 Cal. 259, [33 Pac. 848]): "It does not necessarily follow from such transfer that defendant has placed it out of his power to comply with the terms of the contract. Such transfer creates no breach of the contract. *Non constat,* but plaintiff's rights were expressly reserved by its terms.

. . . Plaintiff is not entitled to recover the money paid until he shows the default of the defendant. This question was directly presented in *Joyce* v. *Shafer*, 97 Cal. 335, [32 Pac. 320], and it was there held that a conveyance by the vendor was not a breach of the contract, and a demurrer was sustained to the complaint for that reason. We are entirely satisfied with the principle laid down in that case." *Hanson* v. *Fox*, 155 Cal. 106, [132 Am. St. Rep. 72, 20 L. R. A. (N. S.) 338, 99 Pac. 489], was a demand made by the vendee under such an executory contract for an annulment of the contract upon the ground that at the time of entering into it the vendor (defendant) had no title, and it was held upon the authority of the cases above cited that, in the absence of fraud, a mere lack of title or incompleteness of title was not sufficient to justify the vendee in repudiating the contract, for the vendor was not under its terms obligated to convey a title until many months thereafter, and could not be put in default by a premature demand to that effect. The case of *Backman* v. *Park*, 157 Cal. 608, [137 Am. St. Rep. 153, 108 Pac. 686], was the case of an executory contract of sale made by one not having title but agreeing to convey title within a stipulated time. She secured such title within the time and tendered the deed, demanding payment. The defense was that the contract itself was fraudulent and void because at the time of its execution the plaintiff did not have the title. In support of this position *Easton* v. *Montgomery*, 90 Cal. 307, [25 Am. St. Rep. 123, 27 Pac. 280], was relied on. It was held that *Easton* v. *Montgomery* was not authority for the rule, that while it was stated that such had been the ruling, the ruling was not affirmed by this court, and *Easton* v. *Montgomery* itself declares, as above stated, that the correctness of the rule has been both doubted and repudiated. It was held that under our decisions, in the absence of fraud or an equivalent mistake, an executory contract for the sale of land made by a vendor without title may be enforced by him upon the procurement and tender of title within the time limited by his contract. The last of our cases is *Crane* v. *Ferrier Brock Development Co.*, 164 Cal. 676, [130 Pac. 429]. This was an action by the vendee under an executory contract for sale of land for a judgment of rescission. This case also came before the court upon general demurrer sustained to the complaint. The charge was that the vendor

had induced the vendee to enter into the contract of sale by fraudulently misrepresenting that it had a good title to the land, when in fact it had none, nor any interest whatsoever in the land. The judgment following the sustaining of the general demurrer was here reversed, this court saying that the allegations showed ground for rescission within the rule declared by all of our decisions. It is further declared that respondent's reliance upon *Joyce* v. *Shafer* is not well founded; that *Joyce* v. *Shafer* and other like cases involve a consideration of contracts made in good faith, and that the principle of law declared by them was that a vendee in default could not recover payments made under an executory contract until, by due offer of performance, he has relieved himself from default and placed his vendor in default. The opinion in *Crane* v. *Ferrier Brock Development Company* quotes the language of *Joyce* v. *Shafer* with a declaration that "This is a true statement of the law as applicable to a suit to rescind the contract, or to recover the money paid thereon after a rescission upon the ground that the vendor has himself broken the contract." This decision therefore holds, in accordance with all authorities, our own as well as those of other jurisdictions, that the vendee may rescind an executory contract for fraudulent misrepresentations of the vendor as to the matter of title upon which the vendee was justified in relying, and it further declares in accordance with our unbroken rule of decision that the mere allegation of a sale by the vendor of his title does not show such a breach as to justify the vendee in treating the contract as rescinded.

This completes the review of our decisions, and, to summarize, they hold, first, that a contract to sell a piece of land by one without title will not be held fraudulent and void by virtue of the mere fact that the vendor had not such title. Deceit, concealment, or false representations upon which a vendee was entitled to rely will of course avoid such a contract, but where the dealings between the parties are openhanded and where, as is the general rule, the vendee is charged with the duty of acquiring his own knowledge of the condition of the vendor's title, such contracts will be enforced upon the theory that the vendee contracted with his eyes open and contracted not in the belief that the vendor did have title, but in the expectation that he would be able to make title.

Second, our adjudications hold that in an action for breach of contract based upon a conveyance by the vendor to a third person during the existence of such an executory contract of sale, the averment merely that the vendor has sold does not state a complete cause of action, the reason being given in *Easton* v. *Montgomery,* 90 Cal. 307, [25 Am. St. Rep. 123, 127 Pac. 280], and repeated and reaffirmed in the Shively case, and again in the Garberino case. 'The gist of the matter then is this, that a vendee is entitled to rely upon the security of the vendor's title, whatever it may be, in the making of his installment payments. A vendor will not have breached his contract if he shall have conveyed the property subject to or under circumstances such as do protect the rights of his vendee. But where his conveyance has been in disregard of those rights, under such circumstances that those rights are not protected, then this is a breach of contract and a fraud on the vendee. Where a vendee contracts with one having none or an imperfect title, he contracts in the hope or expectation that the vendor may be able to perfect the title. Such is not the case where the vendor has title and thereafter parts with it. Of the essence of the contract is the security to the vendee, in his payments, of the title which the vendor has, and if the vendor parts with that title to the impairment or destruction of that security, the vendee may be heard justly to complain, and it is of course no answer to say that the vendor thereafter *may* be able to go into the open market and repurchase the property. Common experience tells us that such an expectation is in its nature but a remote possibility and that such a vendor has not the slightest intention of so doing.

Coming once more directly to the case at bar, the question of consideration or no consideration for the promissory note in suit will be answered as is answered the question—were the vendees' rights under their executory contract protected under the sale which the plaintiff made? Herein it makes no difference whether the sale was made before or after the default of the vendees, and therefore the motion in this case to amend the record by striking from it a certified answer filed in the court of appeals need not be considered. The record here is not in such condition as to enable us to answer the question which we have propounded. The answer, as has

been said, charged fraud and lack of consideration. The finding of the court is that the fraud was in the concealment from the defendants of the fact that plaintiff "had previously rescinded the contract and had sold the said property to the said Cox." As we have been at pains to show, the mere sale was not a rescission. The mere concealment could not therefore be a fraud. The vital question is whether the sale to Cox was made in disregard and in sacrifice of defendants' security growing out of plaintiff's ownership of the land. If the sale was so made, then unquestionably there was no consideration for the promissory note and plaintiff would not be entitled to recover. If, however, the sale was made with due regard to those rights, then, as plaintiff would have committed no breach of his contract and no fraud, it could not be said that there was ▉consideration under plaintiff's forbearance to sue and agreement to rescind the contract.

It appearing therefore that the judgment is not supported by the findings, it is reversed, with direction to the trial court to permit such amendments to the pleadings as will directly present the vital issue in the case, and to retry and determine the action under the law as here set forth.

Angellotti, J., Shaw, J., Melvin, J., Lorigan, J., and Sloss, J., concurred.