[Civ. No. 4047. First Appellate District, Division Two.—December 2, 1921.]

## O. N. MILLER et al., Appellants, v. J. M. FERGUSON et al., Respondents.

[1] FRAUD—EXCHANGE OF LANDS—ACTION FOR DAMAGES—DURESS OF WIFE—PLEADING—INSUFFICIENT COMPLAINT.—In an action by a husband and wife for damages for deceit in an exchange of lands, a complaint which does not allege that the wife was confined by anybody is insufficient to show that she signed the contract under duress as defined by subdivision 3 of section 1569 of the Civil Code.

[2] ID.—UNDUE INFLUENCE—INSUFFICIENT COMPLAINT.—An allegation in such an action that one of the defendants and the plaintiff husband annoyed the wife until she signed the contract without knowing its contents is insufficient to show undue influence.

[3] ID. — MISREPRESENTATION OF VALUE OF EXCHANGE PROPERTY — PLEADING — RELIANCE UPON — INSUFFICIENT COMPLAINT. — A complaint in such an action alleging that the defendants misrepre-

---

1. What amounts to duress, note, 26 Am. Dec. 374.

sented the value of the property they were to give in exchange, but which shows that one of the plaintiffs examined the property before signing the contract, does not show reliance upon such misrepresentation, especially in view of the provision in the contract that the parties had investigated the respective properties and that the defendants were released from all responsibility regarding valuation.

[4] ID.—OWNERSHIP OF PROPERTY BY ANOTHER—CHARACTER OF REPRESENTATION.—An allegation in such an action that the defendant who signed the contract did not own the property at the time and that he represented that another defendant owned the property negatives rather than sustains any misrepresentation of a fraudulent nature.

APPEAL from a judgment of the Superior Court of Imperial County. Franklin J. Cole, Judge. Affirmed.

The facts are stated in the opinion of the court.

Robt. G. Hill for Appellants.

No appearance for Respondents.

STURTEVANT J.—The plaintiffs commenced an action against the defendants to recover damages for alleged deceit. The defendants appeared and demurred, the demurrer was sustained, and, the plaintiffs declining and neglecting to amend, judgment was entered in favor of the defendants. The plaintiffs have appealed under section 953a of the Code of Civil Procedure.

In their complaint the plaintiffs allege that O. N. Miller, the husband, signed an agreement to exchange lands and they set forth the agreement; that Margaret Miller, the wife, later signed a paper agreeing to the terms of the paper signed by her husband; that the lands of the plaintiffs are located in Imperial County and that the other lands are located at Venice, in Los Angeles County; that the defendants represented that the latter properties were worth thirty-five thousand dollars; that said representations were false; that defendants represented that said lands were owned by J. E. Combs, and so read the written paper to O. N. Miller; that Margaret Miller learned that said lands were owned by Ira N. Combs; that O. N. Miller had had confidential relations with the defendants Delozier and Colvin,

and therefore acted on their representations as to value; that Margaret Miller signed under the following circumstances: "That the said Colvin and O. N. Miller, her husband, and coplaintiff herein, annoyed her, and persisted throughout the said day on her signing the same and finally under the influence of being harassed and oppressed, she signed the said writing approving the said contract without ever having seen it, or knowing the contents thereof, and that the same was signed under duress." The plaintiffs further allege that at the time the exchange agreement was executed the defendant Ferguson did not own the property at Venice, in Los Angeles County; and that the value of the property at Venice is sixteen thousand dollars, and no more; that before signing the agreement, O. N. Miller went to the property at Venice to examine it; that plaintiffs believed all of the representations of the defendants and acted thereon. The appellants have filed a brief; the respondents have not filed a brief. As we understand the appellants, they contend that their complaint shows actual damages and exemplary damages which they are entitled to recover; that fraud was practiced upon them and they are entitled to rescind; that they are the victims of a fraudulent conspiracy; and that the wife signed acting under duress and undue influence. It is not necessary to discuss the contention regarding damages because, if the appellants are entitled to relief, it is not necessary to determine the amount thereof at this time. [1] The complaint does not allege that Margaret Miller was confined by anybody, hence the complaint may not stand on the theory of duress as defined by subdivision 3 of section 1569 of the Civil Code. [2] The averments regarding the inducement to obtain the signature of Margaret Miller do not show undue influence. (*In re Langford*, 108 Cal. 608, 622, 623 [41 Pac. 701].) Furthermore, even though it did, the charge would rest against O. N. Miller, but the wife is not suing her husband at this time. The allegations on the subject of conspiracy neither add to nor detract from the strength of the case made on behalf of the appellant. In *Bowman* v. *Wohlke*, 166 Cal. 121, at page 124 [Ann. Cas. 1915B, 1011, 135 Pac. 37, 39], the court quotes from an earlier California case as follows: "A simple conspiracy, however atrocious, unless it results in actual damage to the party,

never was the subject of a civil action; and though such conspiracy is charged, the averment is immaterial and need not be proved. Where two or more are sued for a wrong done, it may be necessary to prove previous combination in order to secure a joint recovery, but it is never necessary to allege it, and if alleged it is not to be considered as of the gist of the action. That lies in the wrongful and damaging act done.'' The actionable fraud on which the appellants rely is that the defendants represented the value of the property at Venice to be thirty-five thousand dollars, whereas its value was sixteen thousand dollars. The court will take judicial notice that the distance between El Centro, in Imperial County, and Venice, in Los Angeles County, is short. [3] The appellants alleged that before signing the agreement in question O. N. Miller went to Venice to examine the property which he was to receive in exchange. Under these circumstances, without any other fact entering into the controversy, the representation as to value was the expression of an opinion which the appellants did not rely on and it is not sufficient to support their cause of action. (*Hackleman* v. *Lyman*, 50 Cal. App. 323 [195 Pac. 263].) Furthermore, the agreement was signed by O. N. Miller on May 15, 1919; it was signed by the defendant Ferguson on May 26, 1919. It is not alleged that Ferguson was present when the alleged false representation was made. It is consonant with appellants' pleading that the representation, if any, was made by the other alleged conspirators during the existence of the conspiracy and in this connection it is important to note that the written instrument contains the following provision: ''It is presumed and understood that all principals to this agreement have investigated the respective properties and J. G. Delozier and B. E. Colvin is hereby released from all responsibility regarding valuation of same, and representations of any nature.''

[4] The appellants rely in some way upon the fact that Ferguson did not own the property at Venice at the time that the agreement was executed. They allege, nevertheless, ''that the defendants represented to the plaintiff, O. N. Miller, before the signing of the said contract, that one J. Ellsworth Combs owned the said property to be exchanged for plaintiffs' property.'' If the last fact occurred as it is alleged, the very nature of the act seems to negative

rather than to sustain anything in the nature of fraud. It is not alleged that O. N. Miller can neither read nor write; it is not alleged that he did not read the paper before he signed it, nor is there an allegation to the effect that he signed it in the dark, nor that he was prevented by any one of the defendants from reading it. In the face of these facts appellants' complaint is not made any stronger by inserting "that the defendants prepared the said written contract and read it to the said Miller, in the name of the said Combs, and not in the name of the defendant J. M. Ferguson." Under these circumstances, we think the instant case is controlled by *Brimmer* v. *Salisbury,* 167 Cal. 522, 530 [140 Pac. 30, 34], where the court says: " . . . where the dealings between the parties are open-handed and where, as is the general rule, the vendee is charged with the duty of acquiring his own knowledge of the condition of the vendor's title, such contracts will be enforced upon the theory that the vendee contracted with his eyes open and contracted not in the belief that the vendor did have title, but in the expectation that he would be able to make title." In other words, under the facts as pleaded, the respondent Ferguson was agreeing to deliver to the appellants title to a certain piece of property for a certain price, at a certain time, but in advance he was stating to the appellants that he was not the then owner of the property. Instead of being a fraud this act was in the nature of taking due precaution to prevent fraud being charged against the respondent.

The judgment is affirmed.

Nourse, J., and Langdon, P. J., concurred.