[Civ. No. 3754.   Second Appellate District, Division One.—December 6, 1921.]

## S. BECK, Appellant, v. J. A. SWANK et al., Respondents.

[1] Vendor and Vendee — Title in Third Party — Insufficient Ground for Rescission.—Purchasers under a contract of sale are not entitled to rescind the contract and recover the moneys paid thereon on the ground that at the date of the making of the contract the title was not vested in the vendor, in the absence of a showing that they were induced to make the purchase by reason of the representation that the vendor had title.

[2] Id.—Mortgage by Vendor—Insufficient Ground for Defaults. Purchasers under a contract of sale are not excused from defaults in the payment of installments on the contract by the execution of a mortgage on the property by the owner, where the mortgage was for a less amount than the unpaid installments on the contract and no showing was made that the vendor could not have satisfied the mortgage and conveyed a clear title whenever the purchasers were ready to pay the full consideration and demand their deed.

[3] Id.—Acceptance of Overdue Installment—Extent of Waiver. Acceptance by a vendor of a past-due installment on a contract of sale is a waiver as of that date, only so far as installments then due are concerned, and at most is only a temporary suspension of the right of forfeiture, which can be restored at any time by definite notice of an intention to demand prompt payments.

[4] Id.—Long Continuance of Default—Sale to Another—Recovery of Payments.—Where a purchaser under a contract of sale calling for monthly payments remains quiescent for about a year and a half until the vendor has satisfied the mortgage and sold the property to another, he is not entitled to recover the moneys paid, since the long continuance of the default entitled the owner to remain inactive and retain to his own use the moneys paid by the vendee.

APPEAL from a judgment of the Superior Court of Los Angeles County.   J. P. Wood, Judge.   Affirmed.

The facts are stated in the opinion of the court.

J. W. Hocker and Robert E. Austin for Appellant.

Minor Moore, Ward Chapman and L. M. Chapman for Respondents.

CONREY, P. J.—Action to recover moneys paid on account of contract for the purchase of real property. Judgment was entered in favor of the defendants. The plaintiff appeals therefrom.

On February 7, 1911, the defendant Swank, as vendor, entered into a contract with John C. Wood and George H. Schroeder, as vendees, for the sale and conveyance of the lot described in the complaint. The purchasers agreed to pay the sum of two thousand five hundred dollars in numerous monthly installments with interest. At the date of the contract title was vested in one Vassar. On June 17, 1911, Vassar executed to Scott a mortgage on the lot for the principal sum of one thousand dollars. On October 2, 1913, the contract, without any certificate of acknowledgment thereon except an acknowledgment by the purchaser Wood, dated October 2, 1913, was recorded in the records of deeds of Los Angeles County. On October 21, 1911, Vassar conveyed the lot to Swank & Letton, a corporation. On June 16, 1914, that corporation conveyed the lot to defendant Gibson subject to the mortgage. Gibson admits that at the time of receiving that deed he knew of the outstanding contract. On January 8, 1918, Wood and Schroeder assigned their contract to Maude Mason, who on March 15th following assigned the contract to Ida Miller. On April 20, 1918, Miller executed a quitclaim deed and an assignment of the contract to the plaintiff Beck. On June 10, 1918, Scott commenced an action to foreclose the mortgage. The decree of foreclosure having been entered, a foreclosure sale took place on October 1, 1918. In September, 1919, Gibson redeemed from the foreclosure sale.

The last payment made on account of the contract was made by Miller to Gibson on March 28, 1918, and at the time of assignment of the contract to the plaintiff there was a balance of more than sixteen hundred dollars remaining to be paid under the contract. The court found that no part of said balance has ever been paid or tendered by the plaintiff or any one to the defendants, or either of them, nor has the making of said payments or the tender of said payments, or any of them, been excused or waived by the defendants, or either of them; that after making said redemption, Gibson sold the property to a third party, but

at the time of making such sale the plaintiff had been and was in default for more than fifteen months, and the defendant was led to believe, and did believe, that the vendees of the contract had abandoned any claim or rights thereunder, and that in fact all right of the plaintiff under the contract, by reason of said default, was terminated.

[1] The fact that the title was not vested in Swank at the date of making the contract with Wood and Schroeder did not entitle the purchasers to rescind the contract and recover the money paid by them. [2] Neither did the execution of the mortgage excuse defaults in the payment of installments on the contract. The vendees never claimed that they were induced to purchase by reason of any representation made by Swank that he had title to the lot. They made payments to Gibson after the title was vested in him. The mortgage was for a sum less than the unpaid installments on the contract. There is no evidence that Gibson could not have satisfied the mortgage and conveyed a clear title whenever the vendees were ready to pay the full consideration and demand their deed.

Appellant contends that he was not in default. This contention is based upon the claim that the provision of the contract making time of the essence thereof was waived by the acceptance by Gibson of overdue payments. This refers to the fact that on March 28, 1918, when the last payment was made to Gibson (and this payment was made by Miller), that payment covered the installments due February 1, and March 1, 1918. [3] Such acceptance of a past-due installment was a waiver as of that date, only so far as installments then due are concerned. At most it was only a temporary suspension of the right of forfeiture, which could be restored at any time by definite notice of an intention to demand prompt payments. (*Boone* v. *Templeman,* 158 Cal. 290 [139 Am. St. Rep. 126, 110 Pac. 947] ; *Stevinson* v. *Joy,* 164 Cal. 279, 285 [Ann. Cas. 1914B, 961, 128 Pac. 751].)

The complaint alleged that on March 28, 1918, Gibson informed Miller that there was a mortgage on said property for one thousand dollars, and that said property was subject to said mortgage at the time Gibson purchased the property, and stated to the said Ida Miller that, "All the money you put in this property will be thrown away,"

and afterward, on the ninth day of April, 1918, confirmed said statement in writing; that acting upon such information and the circumstances aforesaid, the said Ida Miller made no other or further payments on said property and afterward assigned said contract and conveyed her interest in said property to the plaintiff herein. In its findings the court stated that on said date, and at other times both before and afterward, Gibson informed Ida Miller that there was a mortgage on the property for one thousand dollars and that in his opinion her rights as assignee of the vendees to said contract were subject to said mortgage; that the same was overdue, and that the mortgagee demanded payment and threatened foreclosure unless the same was paid; and informed said Ida Miller that in his opinion the property was not worth the amount of the balance which she would have to pay under the terms of said contract in order to get the deed to said property, and that in his opinion all moneys that she paid upon the property would be thrown away; but at that time, and both prior thereto and subsequent to that date, he did by letter inform said Ida Miller, and likewise her successor, the plaintiff, that he did then and at all times would insist upon the prompt payment of all installments as they became due under the contract; and that unless such installments were paid when they became due the rights of the vendees under said contract would terminate; but that the defendants in this action never did by any act or declaration induce the plaintiff, or any of his predecessors, not to make payments under the contract, and did not waive the obligation for the payment of any of said installments, or interfere with the making of such payments. Nevertheless no payment was made after March 28, 1918, and no tender of any payment thereon has ever been made.

[4] The fact seems to be that the plaintiff, knowing that the contract was in default on the part of Ida Miller, purchased the contract on April 20, 1918, for a comparatively trifling consideration, and then remained quiescent for about a year and a half until the owner had satisfied the mortgage debt and sold the property to another purchaser. He now claims, in addition to the alleged waiver of default, that, without tendering performance of the contract, he is entitled to recover the moneys paid by his assignor and her

predecessors upon the further ground that by conveying the land to a third party, Gibson has put it out of his power to convey as required by the contract and that he, the plaintiff, standing in the shoes of the vendees, may treat the contract as rescinded. Reliance is placed upon the decision in *Brimmer* v. *Salisbury,* 167 Cal. 522, 527 [140 Pac. 30], to the effect that where the vendor under an executory contract of sale, who has title to the property, conveys to a third party who is an innocent purchaser and who takes it freed from the obligations of the contract, the conduct of the vendor is a fraud upon the vendee. But the benefit of the rule thus stated, if applicable at all, should be denied to the plaintiff in this case because the long continuance of default on the part of the plaintiff and his assignor, under the circumstances stated, entitled the owner Gibson to "remain inactive, yet retain to his own use the moneys paid by the vendee" (*Glock* v. *Howard,* 123 Cal. 1, at p. 10 [69 Am. St. Rep. 17, 43 L. R. A. 199, 55 Pac. 713, 716]); and also because it has not been shown by the record herein that the party to whom Gibson sold the lot was an innocent purchaser who bought without knowledge of this contract or without taking the title subject to such right as might be vested in the plaintiff to have the property conveyed to him on payment of the agreed consideration.

The judgment is affirmed.

Shaw, J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 2, 1922.

All the Justices concurred.