## LUETTE et al. v. BANK OF ITALY NAT. TRUST & SAVINGS ASS'N.

### No. 6063.

Circuit Court of Appeals, Ninth Circuit.

June 20, 1930.

Rehearing Denied Aug. 26, 1930.

James Westervelt, of Los Angeles, Cal., for appellants.

Woodruff, Musick & Hartke and Philip Grey Smith, all of Los Angeles, Cal., for appellee.

Before RUDKIN and WILBUR, Circuit Judges, and KERRIGAN, District Judge.

KERRIGAN, District Judge.

This is an appeal from an order dismissing a third amended and supplemental bill of complaint and from the decree of dismissal entered thereon.

The complaint alleges that the plaintiffs entered into a contract in June, 1926, with the predecessor in interest of the defendant for the purchase of a certain parcel of real property. The purchase price was $6,500, $1,625 of which was paid at the time of the execution of the contract. The balance was to be paid in monthly installments, which plaintiffs paid to July, 1928; the complaint showing that such payments would continue to May, 1933, under the contract. Plaintiffs allege in effect, construing all of the allegations as to defendant's title together, that defendant has record title to the property in question, and that an adverse claim has been asserted through the filing of homestead claims upon the theory that title to the land is in the United States, the outcome of which claims is uncertain; the matter being now before the Department of the Interior on appeal. It may be fairly concluded from the description of the present state of these homestead proceedings that the decision in the first instance in the Land Office was unfavorable to the homestead right, and that the appeal is that of the claimants; in other words, that the Land Office has held that the land in question is not part of the public domain.

Plaintiffs allege that, on discovery of the existence of the homestead claims, they demanded of defendant that it exhibit its title, and offered, if and when defendant should do so, to pay the amount due under the contract, but that defendant has refused to exhibit its title and, on demand, has refused to repay to plaintiffs the sums already paid upon the contract. The prayer of the complaint is that defendant be enjoined from canceling the contract of plaintiffs and forfeiting plaintiffs' rights thereunder, and that plaintiffs be relieved from paying further installments pending the outcome of the proceedings before the Department of the Interior. Plaintiffs further pray that, in the event the court is unable to grant the relief prayed for, the contract between plaintiffs and defendant be rescinded, and that plaintiffs have judgment for the moneys already paid under the contract. In seeking to rescind, plaintiffs allege that the only thing of value received by them is the contract of sale itself, which they tender.

In considering whether this complaint states a cause of action, its aspect as a bill for an injunction must be disregarded, as plaintiffs state no ground for the intervention of equity to preserve all of their rights under the contract pending the determination of defendant's title, while at the same time relieving them from the duty of performing their part of the bargain. There is no allegation that defendant is, or is likely to become, insolvent, nor any pleading of other equities to justify such relief. The question therefore is whether the complaint states grounds for rescission of the contract.

The vendees under an executory contract here seek to rescind on account of an uncertainty as as to the state of the vendor's title, at a time long prior to the date when the vendor will be required to convey title under the installment contract. The complaint shows that the plaintiffs attempted to put the vendor in default by demanding that the title be exhibited and tendering the balance due. The rule has long been settled in California that there can be no rescission by a vendee of an executory contract of sale merely because of lack of title in the vendor prior to the date when performance is due. Joyce v. Shafer, 97 Cal. 335, 32 P. 320; Shively v. Semi-Tropic Land & Water Co., 99 Cal. 259, 33 P. 848; Brimmer v. Salisbury, 167 Cal. 522, 140 P. 30. And the vendee cannot place the vendor in default by tendering payment and demanding a deed in advance of the time and under circumstances not contemplated by the contract. Garberino v. Roberts, 109 Cal. 126, 41 P. 857; Hanson v. Fox, 155 Cal. 106, 99 P. 489, 20 L. R. A. (N. S.) 338, 132 Am. St. Rep. 72. In the present case the pleading does not show the vendor to be in default, as under the contract, assuming a defect to exist, the time within which title must be perfected does not expire until May, 1933.

In this connection an attempt is made to strengthen plaintiffs' position by averring that, in the event that the homestead claims are allowed and the whole tract in which plaintiffs' lot is situated is declared to be part of the public domain, defendant will be financially unable to procure title to the whole tract, and hence can never perform its obligation to convey title to plaintiffs. The whole tract contains over 16,000 acres. Plaintiffs' lot comprises about one-fourth of an acre. The complaint does not show that defendant would be unable, for financial or other rea-

sons, to procure title to the one-fourth acre which it has contracted to convey to plaintiffs and with which alone plaintiffs are concerned.

There remains to be considered the question as to whether certain allegations of fraud bring this case within the rule that, even though the vendor is not in default, the vendee may rescind an executory contract for material fraudulent misrepresentations of the vendor as to a matter of title upon which the vendee was justified in relying. Crane v. Ferrier-Brock Development Co., 164 Cal. 676, 130 P. 429; Brimmer v. Salisbury, 167 Cal. 522, 530, 140 P. 30. Plaintiffs allege that they are inexperienced in business and relied upon the defendant for fair treatment, being accustomed to put complete trust in and rely upon banks and bankers. The latter allegation is insufficient to establish a fiduciary relationship between plaintiffs and defendant, as there is no suggestion that defendant voluntarily assumed a relation of personal confidence with plaintiffs. Ruhl v. Mott, 120 Cal. 668, 53 P. 304. The parties to the contract must therefore be regarded as having dealt at arm's length. Viewing the pleading in this light and looking to the averments as to the state of the title referred to above, it appears that plaintiffs have not charged defendant with material misrepresentations, unequivocally averred to be false, upon which plaintiffs relied to their injury.

The orders appealed from are affirmed.