[Civ. No. 4048.  Second Appellate District, Division Two.—June 21, 1923.]

## E. J. WIGHTMAN, Appellant, v. DELLA M. HALL et al., Respondents.

**[1]** OPTIONS—EXERCISE OF—TIME.—Where an option to purchase real property expressly limits the time within which it might be exercised, the option must be exercised within that time, otherwise the right is gone, notwithstanding time is not expressly made of the essence of the option.

**[2]** ID.—EXTENSION BY ONE CO-OWNER—SPECIFIC PERFORMANCE.—The option not having been exercised within the time specified therein, and the extension of the option having been signed by only one of the co-owners of the property, the other co-owners not having

ratified such extension or committed any acts constituting an estoppel to deny the same, the trial court properly denied specific performance as to all the co-owners.

APPEAL from a judgment of the Superior Court of Los Angeles County. J. P. Wood, Judge. Affirmed.

The facts are stated in the opinion of the court.

Swaffield & Swaffield and H. M. Barstow for Appellant.

Denio & Hart for Respondents.

CRAIG, J.—This is an action for specific performance of a written contract giving plaintiff an option to purchase property held by the defendants as equal co-owners in common. The contract was dated September 5, 1919, and expired January 15, 1920. On the last-mentioned date Della M. Hall signed her name, followed by the word "agent," executing a writing purporting to extend the plaintiff's option to February 15, 1920. On February 14th plaintiff tendered to Della M. Hall the agreed purchase price. She rejected this offer. The contract was executed by each of the defendants, but Della M. Hall was the only one to sign the extension agreement. Time was not expressly made of the essence of either writing. The trial court denied the relief sought and entered judgment for the defendant.

[1] We think it clear that at the time of plaintiff's tender the original option had expired for all purposes unless it was kept alive by the writing signed by "Della M. Hall, agent." A number of authorities are cited by appellant to the proposition that where time is not expressly made of the essence of the contract the mere fixing of a time or date does not make it an essential factor. These cases principally deal with contracts other than option. In *Cates* v. *McNeil,* 169 Cal. 697 [147 Pac. 944], the contract was in creating an option. It was so construed that the offer to perform was within the time stipulated. *Vassault* v. *Edwards,* 43 Cal. 458, was a case where an agreement gave plaintiff twenty days in which to exercise his option, to accept or reject. Later plaintiff's time was extended indefinitely, so that defendant might perfect his title. It

was the court's opinion that time was of the essence of the original proposal for sale, although not expressly so stated. It is said in the opinion: "Had no time been mentioned the plaintiff would have been entitled to reasonable time in which to exercise his election, but the time having been fixed, the court has no power to extend it." This principle is applicable to the instant case. It is in accord with authority in other jurisdictions.

The rule fixing the time for the exercise of options is well stated in 21 American & English Encyclopedia of Law, 931, as follows: "Where by the terms of a contract for an option the exercise thereof is limited to a specific and definite time, it is necessary that the option be exercised before the expiration of such time, otherwise the right is gone. Attempts to exercise the option after the expiration of the time limited, on the ground that in equity time is not of the essence of a contract, have been uniformly met with the answer that where the parties have seen fit to regard time as an essential element, the courts must likewise so regard it. However true in regard to executed contracts in general, the principle has generally been regarded as having no application to an offer to make a contract which by express agreement is to remain open for a specified time. There is, moreover, a strong inclination on the part of the courts to view any delay with great strictness, on the ground that the party seeking to enforce performance was not bound, while the other party was bound." Many English and American cases are cited supporting this statement of the law, and *Vassault* v. *Edwards, supra,* has not been questioned or qualified in this jurisdiction.

A full appreciation of the nature of an option precludes the idea that courts may allow the optionee time beyond that limited in the writing in which to accept the offer of the other party. With the lapse of time the right to exercise the option automatically expires. In this regard it is similar to an estate upon limitation, which terminates without any act of those claiming the estate to succeed to it. It is not necessary for the offerer of an option to notify the optionee that the offer is no longer open when the time limit has expired. It is not a case of cancellation of a right, for the right only existed up to a certain time and then ceased by the mere passing of that time.

The most that can be said for appellant's contention concerning the efficacy of the extension signed by Della M. Hall, as agent, is that the evidence was conflicting as to her authority. It is unnecessary to quote the testimony in detail, but there was direct testimony to the effect that she possessed no agency to bind her sisters in this transaction.

[2] The evidence upon which appellant predicates the claim that Genevieve B. Scheurer and Cora M. Scheurer ratified the act of Della M. Hall in that behalf is quite insufficient. It appears that Cora Scheurer was informed of the signing of the extension by Della after it had been executed; the former discussed the matter with the latter, and carried on "negotiations" on the subject, although the transcript does not indicate the nature of them. These facts would not justify the conclusion that a ratification had occurred. Nor is the rule of estoppel applicable here. Plaintiff was not led to do anything in reliance upon Cora M. Scheurer's conduct. He failed to take advantage of his option and his right under the original agreement had expired before the acts or silence relied upon had occurred.

We conclude that the trial court rightly held that the plaintiff was not entitled to specific performance against Cora M. Scheurer and Genevieve B. Scheurer. Consequently it properly denied the prayer for specific performance against all of the defendants, since they were co-owners. (*Olson* v. *Lovell*, 91 Cal. 508 [27 Pac. 765].)

The judgment is affirmed.

Finlayson, P. J., and Works, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 20, 1923.