[Civ. No. 16408.   Second Dist., Div. Three.   Dec. 10, 1948.]

ROSCOE FOWLER, Plaintiff, v. WILLIAM E. CASE, Respondent; PHOEBE JANE FOWLER et al., Appellants.

Ernest W. Pitney for Appellants.

Marcus, Rabwin & Nash for Respondent.

SHINN, P. J.—This is an appeal by plaintiff and cross-defendant, Roscoe Fowler, from a judgment ordering him to vacate a residential property which he had conveyed to defendant and cross-complainant, William A. Case, pursuant to the terms of a written agreement, and also denying Fowler damages claimed by reason of an alleged breach of the agreement by Case.

Fowler Engineering Works, hereinafter referred to as the company, was owned by James T. Fowler; Roscoe Fowler was an employee of the business; Case owned another manufacturing business. On June 7, 1944, the three men entered into a contract which provided for the formation of a partnership between Roscoe Fowler and Case to take over the business of the company. The provisions of the agreement material here were the following: It recited that James T. Fowler was the owner of the business and Roscoe Fowler the owner of the property involved herein; that the contracting parties were desirous of entering into a partnership between Case and Roscoe Fowler to take over the business of the company; that Roscoe Fowler desired the immediate use of $5,000, and agreed to sell his house and lot for that sum; that Case was willing to enter into the partnership and agreed to purchase the house free and clear of encumbrances for $5,000; that in consideration of the payment of said sum, James T. Fowler agreed to transfer the business to the partnership that was to be formed, to employ E. R. Shaw, or any other person designated by Case, as general manager, for a period of not more than two years or until Roscoe Fowler

142

and Case should enter into the partnership agreement which was attached as an exhibit; to employ Case on a consulting basis at $75 per week until the partnership was formed, but for not more than a period of two years; Roscoe Fowler agreed to pay the taxes, upkeep and assessments on the house "until said Roscoe Fowler and William E. Case shall enter into the partnership agreement attached hereto or for two years, whichever shall be the sooner, and if said Fowler Engineering Works shall not become solvent for a period of three consecutive months within the next two years that said Roscoe Fowler shall at the end of two years relinquish possession of said house and lot described herein to said William E. Case upon demand, or shall pay to William E. Case the sum of $5,000, plus accrued interest at the rate of six per cent. 3. To enter into the partnership agreement attached hereto with William E. Case upon the delivery by William E. Case of a quitclaim deed to the property described herein, and at that time to demand that James T. Fowler transfer all of his interest in Fowler Engineering Works to said partnership." Case agreed: to pay Roscoe Fowler $5,000 for a deed to the house and lot; to act as consultant in the management and operation of the company at a salary of $75 per week until such time as Roscoe Fowler and William E. Case should enter into the partnership agreement or for a period of two years, whichever shall be the shorter. "To allow Roscoe Fowler to occupy the house and lot described herein, rent free, until such time as Roscoe Fowler and William E. Case enter into the partnership agreement attached hereto, or for a period of two years, which ever shall be the shorter, provided, however, that Roscoe Fowler shall have the right to repurchase the house and lot described herein for the sum of $5,000, plus interest at the rate of six per cent from date hereof upon happening of either of the following conditions: (a) that Roscoe Fowler and William E. Case shall mutually agree to terminate this agreement; (b) that Roscoe Fowler and William E. Case shall not have entered into the partnership agreement at the end of the two year period hereinabove set forth; . . . to hold the house and lot hereinbefore described without selling or placing any encumbrance thereon until the partnership agreement attached hereto is entered into by Roscoe Fowler and William E. Case, or for a period of two years, which ever shall be the shorter, and at the time of entering into said partnership agreement to quitclaim said house and lot to Roscoe Fowler. It is mutually agreed by

all of the parties hereto that when Fowler Engineering Works has operated for a period of three consecutive months in a solvent condition that Roscoe Fowler and William E. Case shall enter into the partnership agreement attached hereto and that Roscoe Fowler and William E. Case shall each have a one-half interest in said partnership and that if said partnership be a limited partnership that William E. Case will be the limited partner and Roscoe Fowler the general partner.'' Case also agreed to discount the commercial paper of the company at 2½ per cent of face value, ''until such time as Roscoe Fowler and William E. Case shall enter into the partnership agreement attached hereto, or for a period of two years, which ever shall be the shorter.'' As we understand the agreement, Roscoe Fowler and Case agreed to enter into the partnership agreement if and when the company had operated for three consecutive months in a solvent condition. It would further appear that when the partnership agreement should be entered into Case was to reconvey the house and lot to Roscoe Fowler; that the latter should have the right to repurchase the property for $5,000 and interest in the event either that the agreement should be terminated by consent, or that the partnership agreement should not be entered into within two years. If the company should not become solvent for a period of three consecutive months during the ensuing two-year period, Fowler was to surrender possession or pay Case $5,000, plus interest, for a deed.

Plaintiff brought this action to compel Case to reconvey the property and for damages alleged to have been sustained by reason of the failure of Case to properly supervise, manage and finance the business. It was not alleged in the complaint whether the partnership agreement had been entered into. It was alleged in the answer of Case that it had not been entered into. Both the findings and the briefs of the parties are silent upon this point. Plaintiff does not claim that the partnership agreement was executed, and we must assume that it was not executed. When the two-year period had expired and Case demanded possession of the property, plaintiff did not offer to repurchase it, nor did he seek to establish a right to repurchase when he filed his complaint or during the trial. After an extended trial the court rendered its decision against plaintiff upon his complaint and in favor of Case upon his cross-complaint, announcing orally that plaintiff had failed to prove breach of contract by Case, or that he had sustained damage; that plaintiff had had the right to

repurchase the property for $5,000 within the two-year period, but had not attempted to do so. Thereafter, plaintiff made a motion to vacate the submission of the case and for leave to introduce evidence to the effect that the property was worth far more than $5,000 at the time of the agreement, that he, Fowler, was not then in need of money and that since the conclusion of the trial, ''he made an offer of $5,000 to the defendant, which offer was refused by the defendant.'' The motion was denied.

While it was claimed that Case had failed in the performance of his obligations under the contract, plaintiff did not attempt to rescind the agreement and therefore must base his rights upon the agreement. He relied upon his claim for damages. The evidence at the trial was directed almost entirely to that issue. The court found that Case had fully performed under the agreement and that plaintiff had not been damaged. It was also found that the company was at all times insolvent. These findings have ample support in the evidence.

In his attempt to show that Case failed to render performance under the agreement, plaintiff refers only to fragments of the testimony, omitting altogether reference to the evidence which tends to support the findings. We have nevertheless examined the transcript of the evidence and find testimony of Case to the following effect: The company had but a brief life after the date of the agreement; within 60 days suit was brought against the company for the recovery of taxes due the county and the property of the company was attached; within three months, James T. Fowler filed a voluntary petition in bankruptcy and the company was adjudged bankrupt. In the meantime Mr. Shaw had been employed, as agreed, and worked diligently in behalf of the company; Case devoted himself actively to the business. He testified that during the months of February and March he was at the place of business of the company each day, except for four or five days when he was ill, and that he did everything possible in the interest of the business. It would prolong this opinion needlessly .to recapitulate his testimony. He explained in detail that the equipment of the business was in poor condition; that some of it was owned by another company with which the Fowler company had a losing contract, but which it was compelled to comply with in order not to lose use of the equipment; that many of the men who were doing welding were not certified welders, as called for

by contracts under which they were working; that work was being rejected for imperfections and had to be done over; that no new work was being obtained; that the company was indebted to the extent of some $28,000, about $18,000 of which was for unpaid federal income taxes for which liens had been filed against all of its property, including its accounts receivable; that there was no money on hand and the company had no credit; that several concerns refused to do business with it even upon a cash basis; and in general that the business was in a hopeless state of insolvency. He purchased accounts receivable in the amount of more than $11,000 and was compelled to make a compromise with the government of its tax liens, at a loss to him of more than $5,000. Upon another occasion the Case company paid the Fowler company $500 for the construction of a trailer to be used to obtain new business for the Fowler company, but the latter company used the sum for the payment of overdue light and power bills amounting to more than $400. In brief, a finding that Case was guilty of breach of the agreement would not have been supported by the evidence.

When the court had found that Case had fully performed under the agreement, the pleadings and the evidence furnished no basis for a judgment different from the one that was rendered. The present action was filed February 15, 1946, a little over a month after Case had demanded possession of the premises. Fowler had refused to surrender possession or to pay Case $5,000, the repurchase price of the property. The judgment was not entered until September 22, 1947, and, as we have said, Fowler made no offer to repurchase the property until he discovered that he had lost his suit for damages. The present action was to compel Case to reconvey the property without the payment by Fowler of any sum whatever, a right which, as we read the agreement, he would have had only in the event that Case had entered into the partnership agreement with him.

Plaintiff argues that the deed was given only as security for a debt, but the court found upon sufficient evidence that Fowler was under no obligation to repay the sum he had received, and that the transaction was an outright sale to Case with an option to Fowler to repurchase the property. This finding is borne out by the explicit terms of the agreement and no claim was made in the pleadings or at the trial that the agreement did not express the true intentions of the parties.

■ The following propositions are well established: That a deed absolute in form will not be held to be a mortgage in the absence of proof of an indebtedness to be secured; that clear and convincing evidence is required to prove that a deed absolute in form was given by way of security, and that it is a question of fact for the trial court to determine whether such evidence has been produced. (*First Nat. T. & S. Bank* v. *Edmonds,* 28 Cal.App.2d 26 [81 P.2d 1052]; *Stevens* v. *Fetterman,* 76 Cal.App. 741 [246 P. 102]; *Beeler* v. *American Trust Co.,* 24 Cal.2d 1 [147 P.2d 583].) There was no evidence to contradict the clear terms of the written agreement, and a finding that the deed was given by way of security would have been without support in the evidence.

Toward the close of the trial, and after the court had announced its conclusions, attorneys for Case indicated his willingness to reconvey the property upon the payment of $5,000, but even then there was no offer on the part of Fowler to pay the sum. His alleged offer to repurchase the property, made after the decision had gone against him, came too late. ■ Time is generally deemed to be of the essence of options to purchase property, even though not so expressed. (*Huckaby* v. *Northam,* 68 Cal.App. 83 [228 P. 717]; *Wightman* v. *Hall,* 62 Cal.App. 632 [217 P. 580]; *Rice Lands & Products Co,* v. *Blevins,* 61 Cal.App. 536 [215 P. 402]; *White* v. *Bank of Hanford,* 148 Cal. 552 [83 P. 698]; *Briles* v. *Paulson,* 170 Cal. 196 [149 P. 169]; *Moar* v. *Pioneer-Lucky Strike G. Min. Co.,* 48 Cal.App.2d 528 [120 P.2d 48]; *Canty* v. *Brown,* 11 Cal.App. 487 [105 P. 428].)

■ Long before he made his offer plaintiff had elected to sue for damages for breach of the agreement instead of exercising his right to repurchase the property. He had instituted this litigation, put Case to the trouble and expense of defending it, and only sought to change his position after he learned that the decision had gone against him. By repudiating his obligations under the contract he lost his right to demand performance on the part of Case.

The judgment is affirmed.

Wood, J., and Vallée, J., concurred.

A petition for a rehearing was denied December 31, 1948.