Virginia K. BOWER, Appellant,

v.

Mable Claire BOWER, Appellee.

No. 15717.

United States Court of Appeals
Ninth Circuit.

May 6, 1958.

Hall, Alexander & Kuenning, H. Cleveland Hall, Edward C. Alexander, Great Falls, Mont., for appellant.

William A. Brown, Helena, Mont., for appellee.

Before CHAMBERS, BARNES and HAMLEY, Circuit Judges.

PER CURIAM.

Virginia K. Bower is the surviving wife of the late Joseph E. Bower of Great Falls, Montana. Mable Claire Bower is his former wife who obtained a divorce from him in the state court at Great Falls on October 24, 1946.

At issue here in this diversity of citizenship interpleader case is approximately the sum of $10,000, being the proceeds of a single premium payment life insurance policy written by the Western Life Insurance Company. The first wife after the divorce became a citizen of Texas and the second wife remains a citizen of Montana. (For economy, the parties will be referred to by their given names.)

Mable and Joseph on August 15, 1946, entered into a property settlement agreement to which there was a simultaneous supplemental agreement between the two. Both agreements were in contemplation of divorce. The agreements, inter alia, provided that Mable, already the beneficiary, should be maintained the bene-

ficiary on the subject policy in event of his death prior to her death. Under the contract with the insurance company, Joseph had the reserved right to change the beneficiary.

At a date after October 24, Joseph married Virginia. In violation of his written agreement of August 15, 1946, with Mable, he, on December 7, 1949, changed the beneficiary on the policy from Mable to Virginia. Then he died on September 29, 1955. Both women survived him.

■ In this contest between the two, Montana law governs. Both would agree, if the settlement agreements are wholly valid, there would be an equity in Montana law which would carry the insurance proceeds to the former wife, Mable, notwithstanding the formal change of beneficiary registered with the company. Also, both would agree, if the settlement agreements were wholly void, then the change of beneficiary as executed would be fully operative. For the terms of the separation agreements, reference is made to the district court's opinion, Western Life Ins. Co. v. Bower (Bower v. Bower) 153 F.Supp. 25.

Virginia's point is that the collusive character of the agreements involving the marriage in which there is a public concern blighted the provision of the agreement giving Mable permanent rights in the policy: that the clause was therefore void.

The case pivots on how one interprets some four or five Montana cases beginning with Grush v. Grush, 90 Mont. 381, 3 P.2d 407, and ending with the recent case of Deich v. Deich, Mont., 323 P.2d 35, decided March 17, 1958. The district court had before it all of the cases except Deich.

The decision here in Bower held the clause of the agreement disposing of the insurance to be valid, the non-property provisions to be void for collusiveness; that is, it held the insurance clause severable and not ruined by the collusion.

This court has examined the Montana cases as well as those from other juris-

dictions which were cited as helpful. Good argument is presented here by counsel for Virginia who lost below and therefore is appellant here. Montana's state decisions, like those of most states, are stronger in their language about such settlement agreements than in the severity of their actual holdings. There is a natural tendency to destroy the agreements if they are brought to the court's attention before judgment of divorce is entered.

■■ This court is inclined to the belief that the Montana Supreme Court would hold here as the district court did. Moreover, this court before it overrules any district judge on a matter of his state law should have a conviction that the district court was clearly wrong. This conviction this court lacks. Therefore, the judgment is affirmed on the opinion of the district court, reported as above indicated.