**Veigh CUMMINGS, Appellant,**

v.

**Larry R. BULLOCK et al., Appellees.**

**No. 20188.**

United States Court of Appeals
Ninth Circuit.

Oct. 7, 1966.

John R. Saldine, Sacramento, Cal., Dwight L. King, Salt Lake City, Utah, for appellant.

Howard A. Potts, Sacramento, Cal., for appellees.

Before HAMLEY, HAMLIN and DUNIWAY, Circuit Judges.

**DUNIWAY, Circuit Judge:**

This is an action for specific performance of a contract to sell land. Jurisdiction rests on diversity of citizenship. The court found against the plaintiff and he appeals. We affirm. The sole question presented is whether the court erred in holding that plaintiff had failed to exercise an option to purchase contained in a lease of land located in Wyoming. A brief statement of the law may make its application to the facts more readily apparent.

1. The action was filed in the Northern District of California. The trial court was therefore required to look to the substantive law of California,[1] including its choice of law rules.[2] Under that law, questions affecting the title to real property are determined by the law of the jurisdiction where the property is located, here Wyoming.[3] If the law of Wyoming is not shown to differ from that of California, then the court will look to California law for guiding principles of decision.[4] Here the plaintiff argued below that "the law of Wyoming and California is the same with respect to the interpretation of the Contract and its performance," and we do not understand him to take a different position on appeal.

2. Under the law of Wyoming, "the exercise of an option must be strictly complied with,"[5] and "options are to be strictly construed and where the option is to be exercised within a stated time and in a particular manner, that must be done exactly as prescribed unless, perhaps, there is some intervening circumstance which the law recognizes as one of the impossibilities which make failure of compliance an exception to the

1. Erie R.R. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188.

2. Klaxon Co. v. Stentor Elec. Mfg. Co., 1941, 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477.

3. See Estate of Patmore, 1956, 141 Cal. App.2d 416, 424, 296 P.2d 863, 868.

4. Gagnon Co. v. Nevada Desert Inn, Inc., 1955, 45 Cal.2d 448, 454, 289 P.2d 466, 471; Aldabe v. Aldabe, 1962, 209 Cal.App. 2d 453, 471, 26 Cal.Rptr. 208, 219.

5. Covey v. Covey's Little America, Inc., Wyo., 1963, 378 P.2d 506, 513.

rule."[6] The law of California is the same.[7] Time is of the essence in exercising an option, unless the agreement is expressly to the contrary.[8]

We now consider the application of these principles to the facts, which are not disputed.

On September 2, 1958, appellant Cummings and the Bullocks executed a "Lease with Option to Purchase" in which the Bullocks, as lessors, leased the property to Cummings for a period of two years beginning on December 1, 1958. This document, all in typewritten form, provides in pertinent part:

"4. Lessee is granted an Option to Purchase the aforesaid described premises for the sum of $40,000.00, said option to be exercised on or before the 1st day of December, 1960 *by payment to Lessors* of the sum of $4,000.00 which said $4,000.00 shall be applied on the purchase price of $40,000.00.

"5. *If Lessee shall exercise his Option* to Purchase the leased premises, *then and in that event Lessors agree* to sign an agreement of sale in accordance with the Uniform Real Estate Contract attached to this Lease and Option, which said Uniform Real Estate Contract shall embody the terms of sale which shall govern between lessors and lessees *if and when lessee exercises his option* to purchase." (Emphasis added.)

The attached "Uniform Real Estate Contract," a printed form particularized here by the insertion of typed matter (which is italicized in the following quote) and by strike-outs as indicated, provides in part:

"*Sellers and Buyer agree that sellers will execute a Warranty Deed to the Whipple Ranch premises covering said* real property and the personal property leased by sellers to buyer under the terms of that certain lease and option agreement dated September 2, 1958. The Warranty Deed to the real property shall be placed in escrow with the First National Bank of Evanston, Wyoming, to be delivered by said bank to buyer upon receipt in full by the Bank of the payments required under this contract. Bill of Sale to personal property to be delivered upon receipt of payment due December 1, 1960.

"3. Said Buyer hereby agrees to enter into possession and pay for said described premises the sum of *FORTY THOUSAND AND NO/100* Dollars (*$40,000.00*) payable at the ~~office of Seller, his assigns or order~~ *First National Bank, Evanston, Wyoming* strictly within the following times, to-wit: *Four Thousand and no/100 ($4,-000.00)* cash, the receipt of which is hereby acknowledged, and the balance of *$36,000.00* shall be paid as follows: *$4,000.00 on the 1st day of December, 1961, and a like sum on the 1st day of December each year* thereafter until the balance owing is paid in full."

On July 27, 1960, Cummings' attorney advised the Bullocks by letter that he had "received Notice from Mr. Veigh Cummings that he is planning on exercising his Option to Purchase * * * [and] As a consequence, Mr. Cummings is anxious to have Uniform Real Estate Contracts which were prepared and attached to the Lease with Option to Purchase, executed and placed in the Bank with the Warranty Deed at Evanston, Wyoming. As soon as the Warranty Deed and the executed Contract are in the hands of the Bank Mr. Cummings informs me that he will be able to pay the Option payment of $4000.00 which is due on the 1st day of December, 1960." This letter was clearly

6. Id. at 378 P.2d 517, citing Callisch v. Farnham, 1948, 83 Cal.App.2d 427, 430, 188 P.2d 775, 777.

7. Pruitt v. Fontana, 1956, 143 Cal.App.2d 675, 685, 300 P.2d 371, 378; Hayward Lbr. & Inv. Co. v. Construction Prod. Corp., 1953, 117 Cal.App.2d 221, 229, 255 P.2d 473, 477; Callisch v. Farnham, supra n. 6.

8. Wightman v. Hall, 1923, 62 Cal.App. 632, 217 P. 580.

not an exercise of the option. The Bullocks did not reply.

On November 28, 1960, the same attorney, on behalf of Cummings, sent a cashier's check payable to the Bullocks in the amount of $4,000, to First National Bank, Evanston, Wyoming, by mail, together with a warranty deed to the property, a copy of the lease, and a covering letter which instructed the bank to surrender the check to appellees only upon receipt of the deed and the contract, executed by the Bullocks. On the same date, he sent a letter to the Bullocks, advising them that the check was at the bank and would be released to them upon the bank's receipt of the completed documents. The letter to the Bullocks was mis-addressed. The Bullocks had moved, and had advised Cummings' attorney of their new address. The bank received its letter on November 30, but Mrs. Bullock received hers not earlier than December 2. She immediately forwarded it, without opening it, to appellees' Evanston attorney. Mr. Bullock, who was in Evanston during this period, did not go to the bank on November 30, or December 1, but after receipt of appellant's letter by his attorney on December 5 did go to the bank, accompanied by that attorney. At the bank he requested payment of the check; the bank refused to pay until such time as Bullock returned the completed documents demanded by the attorney's letter. Bullock, on the advice of his attorney, refused. This action followed.

■ Because time is of the essence, *because the agreement does not provide for the exercise of the option by mail*, and because the letter to the Bullocks was not received by either of them until after December 1, that letter to them cannot be an effective exercise of the option.

■ We are left with the question of *whether the delivery of the other letter*, the cashier's check, and the accompanying papers to the bank constituted an exercise of the option. The trial court correctly held that it did not. The option

agreement is conditioned upon "payment to the Lessors of the sum of $4,000." It permits no conditions to the payment. On the contrary, it recites that "if Lessee shall exercise the option, * * * then and in that event Lessors agree to sign an agreement of sale * * *." Thus payment is made a condition precedent to the duty of the Bullocks to sign the agreement. Yet the letter makes signing the agreement, plus a warranty deed, not mentioned in the option, a condition to payment.

Cummings, however, says that a copy of the agreement was attached to the "Lease With Option to Purchase," that it is referred to in it, and that the agreement shows that Cummings, if he wished to exercise the option, was supposed to do just what he did. We think not, for two reasons. First, the agreement was not to be signed until the $4,000 was paid. It could not, therefore, be in effect before that time, and so it could not govern the manner in which, the place at which, or the person to whom the payment required by the option was to be made.

■ Second, its terms are not inconsistent with those of the option. It does not require that the $4,000 be paid at the bank. It recites that receipt of the $4,000 is acknowledged. How? By signing the agreement. When is that to be done? After the money is received. Who acknowledges? The Bullocks, not the bank. Only the remaining $36,000 is to be paid *at* the bank. Insofar as the language "($40,000.00) payable at the First National Bank, Evanston, Wyoming," may be claimed to create an ambiguity, it is to be construed against Cummings, both because we deal with an option and because the papers were prepared by Cummings' attorney. Moreover, the language immediately following makes it clear that only $36,000 is in fact to be paid at the Bank. And even if the $4,000 was also to be paid "at" the bank, nothing in the documents makes the Bullocks' right to be paid conditioned on their first signing the agreement.

Further, nothing in the option or the agreement requires that a warranty deed be placed in escrow with the bank concurrently with or as a condition precedent to the payment of the $4,000. The option says nothing about a deed. The agreement says that "sellers will execute a Warranty deed," and that "The Warranty deed * * * shall be placed in escrow." This is action in *futuro*. The obligation relating to the deed is to arise only when the agreement becomes binding. Yet the letters of November 28 both conditioned payment upon execution by the Bullocks of both the agreement and the deed, and the delivery by them of both instruments to the Bank.

■ Under substantially identical circumstances, the California courts have twice held that the optionee had failed to meet the conditions of the option, and that, the time for doing so having expired, the option had lapsed.[9] In these circumstances, we can hardly say that the trial judge's findings are "clearly erroneous."[10] or that there is substantial reason to doubt that his legal conclusions are correct.[11]

■ The result may seem harsh, and the rules applied are technical. But the decisions cited make the reason clear. An option, given for consideration, binds the optionor, but it does not bind the optionee. He may, if he chooses, walk away from the deal. That is why the language of the option agreement is construed in favor of the optionor and why the courts require that the optionee comply strictly with whatever conditions the agreement imposes upon his right to exercise the option if he chooses to do so.

Affirmed.

9. Fabares v. Benjamin, 1960, 180 Cal.App. 2d 264, 4 Cal.Rptr. 359; Bourdieu v. Baker, 1935, 6 Cal.App.2d 150, 44 P.2d 587.

10. Rule 52(a), F.R.Civ.P.

11. Winston Research Corp. v. Minnesota Mining & Mfg. Co., 9 Cir., 1965, 350 F. 2d 134, 142; Bellon v. Heinzig, 9 Cir., 1965, 347 F.2d 4, 6; Citrigno v. Williams, 9 Cir., 1958, 255 F.2d 675, 679; Bower v. Bower, 9 Cir., 1958, 255 F.2d 618, 619; People of State of California v. United States, 9 Cir., 1956, 235 F.2d 647, 654.